JUAN ENRIQUE RIGAU, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, FRANCISCO NAVARRO ORTIZ, JUDGE, Respondent.

No. 1196. Argued January 22, 1940.—Decided March 6, 1940.

*J. A. Suris Agrait* for petitioner. *Luisa M. Capó* for intervener, plaintiff in the main action.

MR. JUSTICE WOLF delivered the opinion of the court.

Juan Enrique Rigau, defendant in a divorce suit, made application for a writ of certiorari. The writ was

issued, his wife appeared in this court and requested permission to intervene.

We may say at this juncture that where one of the parties to a suit files an application in this court for a writ of certiorari, the opposing party has a complete right to appear in the proceeding before this court and defend the action of the lower court. She is the real party in interest and under our rules and practice she needs no special permission to appear. She shall be known in this case as the respondent.

█ The petitioner complained principally that he was not notified or summoned to answer the application of the respondent for costs and alimony in the principal suit; that he did not have his due day in court to meet the claim of his wife. Although, supposing he was right and that he was not duly notified of the application for costs and alimony or *litis expensas,* he voluntarily came into court and argued the matter there. The respondent has filed a so-called motion of dismissal.

The first ground of dismissal covers various matters, but we agree with the respondent that when the petitioner, as he did, came into court and asked that the hearing of the motion for costs, etc., be continued he submitted to the jurisdiction of the court and cured any defect in the notice or summons to hear the case. *Rodríguez et al.* v. *Cuevas Zequeira,* 25 P.R.R. 751; *Gómez* v. *Board of Examiners, etc.,* 40 P.R.R. 635 and cases.

█ We likewise agree with the respondent that the defendant-petitioner, by failing to file a motion for reconsideration, did not exhaust his remedies in the court below. The court should be given an opportunity to correct any supposed error.

The respondent also says that the petitioner was duly notified of the motion for expenses. This was a question of fact not threshed out in this court and need not be considered further than to say that the petitioner would have been bound to show that he was not duly notified.

The petitioner, we think, could have accomplished his purposes by a direct appeal, hence, as respondent points out, the necessity for a writ of certiorari was not demonstrated. The petitioner did not appear at the hearing and adduced no further reasons why the writ should be sustained. In these matters of costs and attorney's fees *pendente lite* considerable liberty or discretion must be left to the trial court.

The writ of certiorari should be annulled.